**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **MELINDA LIDDLE**, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SALEM TOWNSHIP HOSPITAL,**<br><br>Defendant | : | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND ILLINOIS LAW**

1. Plaintiff Melinda Liddle ("Named Plaintiff"), individually and on behalf of all others similarly situated, hereby submits this Collective and Class Action Complaint against Salem Township Hospital ("Defendant"), for its failure to pay employees wages and overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq*. ("Illinois Minimum Wage Law" or "IMWL"). Specifically, Defendant has a policy and practice whereby they apply a meal break deduction to compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees are unable to take a bona fide meal break. This policy and practice resulted in unpaid wages and unpaid overtime wages in violation of the FLSA and IMWL.

2. Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), and the class action claims arise under the Illinois Minimum Wage Law and are

asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on Named Plaintiff's personal knowledge and conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Named Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims herein occurred in this District, Defendant maintains its principal place of business in this District, and/or Defendant conducts substantial business in this District.

## PARTIES

6. Named Plaintiff is an individual and a United States citizen who worked for Defendant at their Salem, IL location.

7. During Named Plaintiff's employment, she worked as a Registered Nurse ("RN") from approximately August 2022 until August 2024.

8. At all relevant times when Named Plaintiff worked for Defendant, Named Plaintiff was a non-exempt employee paid on an hourly basis. As a result, Named Plaintiff was an "employee" of Defendant as defined in the FLSA and the Illinois Minimum Wage Law.

9. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly

situated and has given her written consent to bring this action to collect unpaid wages and unpaid overtime compensation under the FLSA. Named Plaintiff's consent form is filed herewith pursuant to 29 U.S.C. § 216(b), and is attached as **Exhibit A**.

10. Defendant is an Illinois non-profit corporation headquartered in Salem, Illinois (Marion County).

11. Upon information and belief, Defendant maintains its principal place of business at 1201 Ricker Drive, Salem, Illinois 62881.

12. According to the Illinois Secretary of State website, Defendant can be served through the following Registered Agent: Tammy Basso, located at 1201 Ricker Drive, Salem, Illinois 62881.

13. At all relevant times, Defendant was authorized to conduct business and did conduct business in the State of Illinois at all times relevant hereto. Defendant continues to conduct business in Illinois.

14. At all relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including through the promulgation and enforcement of policies affecting the payment of wages and overtime.

15. At all relevant times, Defendant benefitted from the work performed by Named Plaintiff and others similarly situated.

16. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

17. Defendant operates a full-service acute care hospital providing a range of inpatient, outpatient, emergency, and long-term care services to patients in Salem, Illinois and the surrounding region.

18. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as non-exempt hourly employees in clinical and patient care roles, within the meaning of the FLSA and the IMWL.

19. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

20. During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid in accordance with the minimum requirements of the FLSA and the IMWL for all of their compensable hours worked due to Defendant's companywide policies and/or practices.

21. At all relevant times, Defendant required a 30-minute meal break deduction from Named Plaintiff's and other similarly situated employees' compensable hours worked, even when Named Plaintiff and other similarly situated employees were unable to take a full, uninterrupted bona fide meal period.

22. At all relevant times, Defendant deducted a daily 30-minute meal break from Named Plaintiff and other similarly situated employees' compensable hours worked, even though Named Plaintiff and other similarly situated employees were often unable to take a meal break or took a shortened meal break because their meal break was interrupted by job duties.

23. At all relevant times, Defendant's facilities were understaffed, and, as a result of the same, Named Plaintiff and other similarly situated employees were often unable to take a full, uninterrupted meal break.

24. As a result of Defendant's companywide policy and/or practice of deducting 30 minutes from Named Plaintiff's and other similarly situated employees' compensable hours worked, Defendant knew or had reason to know that they were not compensating Named Plaintiff and other similarly situated employees for all hours worked.

25. Defendant did not employ a policy and/or practice that allowed Named Plaintiff and other similarly situated employees to report a missed meal break to Defendant to override the meal break deduction.

26. Consequently, a meal break was deducted from Named Plaintiff's and other similarly situated employees' hours worked regardless of whether Named Plaintiff and other similarly situated employees actually received an uninterrupted bona fide meal break.

27. Further, Defendant did not compensate Named Plaintiff and other similarly situated employees for short breaks of twenty (20) minutes or fewer in duration. As 29 C.F.R. §785.18 outlines, "rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry" and "must be counted as hours worked" and "may not be offset against other working time." 29 C.F.R. § 785.18.

28. Defendant's failure to compensate Named Plaintiff and other similarly situated employees, as set forth herein, resulted in unpaid wages, including unpaid overtime.

29. Upon information and belief, Defendant was fully aware of the fact that they were legally required to comply with the wage and hour laws of the FLSA and the IMWL.

30. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees as described herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt individuals who worked for Defendant, including temporary employees if applicable, who worked forty (40) or more hours in any workweek, and who were subject to Defendant's meal break deduction policy during the last three (3) years prior to the filing of this complaint and continuing through final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

32. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

33. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members all overtime compensation earned at a rate of at least one-and-one-half times their regular pay, as that phrase is defined under the FLSA. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

34. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively

adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

35. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members their overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## RULE 23 CLASS ALLEGATIONS

36. Named Plaintiff brings her Illinois Minimum Wage claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and others similarly situated, consisting of:

> **All current and former hourly, non-exempt individuals who worked for Defendant in Illinois, including temporary employees if applicable, who worked forty (40) or more hours in any workweek, and who were subject to Defendant's meal break deduction policy during the last three (3) years prior to the filing of this complaint and continuing through final disposition of this case (hereinafter the "Rule 23 Class" or the "Rule 23 Class Members").**

37. During relevant times, Named Plaintiff and the Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times their regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendant's companywide policies and/or practices of requiring a meal break deduction to be taken even when their employees did not receive a full, uninterrupted meal break.

38. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

39. Named Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

40. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

41. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

42. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

43. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

44. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making declaratory and injunctive relief appropriate with respect to Named Plaintiff and the Rule 23 Class as a whole.

45. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated the IMWL by failing to pay the Rule 23 Class for hours worked in excess of forty (40) per workweek because of the applied meal break deductions; (b) whether Defendant's violations of the IMWL were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Rule

23 Class on account of Defendant's violations of the IMWL; and (d) what amount of prejudgment interest is due to the Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

47. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Illinois litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT I
### FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

50. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

51. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

52. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

53. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours per workweek during three (3) years prior to the filing of this complaint.

54. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

55. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

56. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

57. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

58. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II
## IMWL – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. This claim is brought under the IMWL.

61. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the IMWL.

62. The IMWL requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

63. Defendant employed Named Plaintiff and the Rule 23 Class Members as hourly-paid workers.

64. Defendant implemented a company-wide policy of deducting thirty (30) minutes for "meal breaks" irrespective of whether its workers actually received uninterrupted *bona fide* meal breaks.

65. Named Plaintiff and the Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under the IMWL but for workweeks where they had a meal break deduction taken, even though they did not, or were otherwise unable to, take an uninterrupted meal break, they were not paid overtime for all hours worked over forty (40) in a workweek.

66. As a result of Defendant's policies and practices stated herein, Defendant failed to pay Named Plaintiff and the Rule 23 Class Members all overtime compensation earned at a rate of not less than one-and-one-half times their regular pay rates in violation of the IMWL.

67. 820 Ill. Comp. Stat. 105/12(a) provides that an employee who is not paid in accordance with the IMWL "may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

68. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of the IMWL, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members were entitled.

69. For Defendant's violations of the IMWL, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

70. As a result of Defendant's policies and practices described herein, Named Plaintiff and the Rule 23 Class Members have been illegally deprived of wages earned, and are entitled to recovery of treble damages of such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs, and other compensation under the IMWL.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify the proposed FLSA collective action;

B. Direct prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the putative FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certify the proposed Rule 23 Class under the Illinois Minimum Wage Law;

D. Award judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff, the putative FLSA Collective, and the Rule 23 Class Members during the applicable statutory period under the FLSA and continuing through trial;

E. Award Named Plaintiff and the FLSA Collective Members liquidated damages under the FLSA;

F. Award Named Plaintiff and the Rule 23 Class statutory damages of 5% of the amount of underpayments for each month following the date of underpayments, as provided by the IMWL;

G. Award to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Award Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class pre-judgment and post-judgment interest at the statutory rate; and,

I. Award to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class any such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Named Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 14, 2025

Respectfully submitted,

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (OH Bar 0082856)
**TITTLE & PERLMUTER**
4106 Bridge Ave.
Cleveland, OH 44113
Telephone: (216) 222-2222
Fax: (888) 604-9299
scott@tittlelawfirm.com

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar 0076017)
**NILGES DRAHER LLC**
7034 Braucher Street NW, Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
hnilges@ohlaborlaw.com